No. 24-10084

## United States Court of Appeals for the Fifth Circuit

Cerkezi Enterprises L.L.C., d/b/a Euro Car Tech,
and Elio Cerkezi,

*Plaintiffs – Appellants*

v.

City of Arlington,
Rick Ripley, Abelardo Gomez III, Zac Scott

*Defendants - Appellees*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division

## RECORD EXERPTS

Warren V. Norred
**Norred Law, PLLC**
Texas Bar Number: 24045094
warren@norredlaw.com
515 E. Border St.
Arlington, TX 76010
(817) 704-3984 (Office)
(817) 524-6686 (Fax)
*Counsel for Appellants*

# TABLE OF CONTENTS

1. OC Docket Sheet – ROA.1-6.
2. Notice of Appeal – ROA.297.
3. OC Judgment – ROA.285-296.
4. Certificate of Service

# 1. OC DOCKET SHEET

# U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:23-cv-00991-P

| | |
|---|---|
| Cerkezi et al v. City of Arlington et al | Date Filed: 09/28/2023 |
| Assigned to: Judge Mark Pittman | Date Terminated: 01/24/2024 |
| Case in other court: United States Court of Appeals 5th Circuit, 24-10084 | Jury Demand: Plaintiff |
| | Nature of Suit: 440 Civil Rights: Other Civil Rights |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Elio Cerkezi**                    represented by    **Warren V Norred**
Norred Law PLLC
515 E Border Street
Arlington, TX 76010
817-704-3984
Fax: 817-524-6686
Email: warren@norredlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Plaintiff**

**Cerkezi Enterprises Limited L.L.C.**    represented by    **Warren V Norred**
*doing business as*                                          (See above for address)
Euro Car Tech                                                *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**City of Arlington**              represented by    **Joshua A Skinner**
City of Arlington
City Attorney's Office
101 S. Mesquite St., Suite 300
Arlington, TX 75062
United Sta
817-459-6878
Fax: 817-459-6897
Email: joshua.skinner@arlingtontx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cynthia Withers**
City of Arlington, City Attorney's Office

Mail Stop #63-0300
Post Office Box 90231
Arlington, TX 76004-3231
817-459-6878
Fax: 817-459-6897
Email: cynthia.withers@arlingtontx.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Rick Ripley**                    represented by   **Joshua A Skinner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cynthia Withers**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Abelardo Gomez, III**           represented by   **Joshua A Skinner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cynthia Withers**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Zac Scott**                      represented by   **Joshua A Skinner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cynthia Withers**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Mediator**

**ADR Provider**                   represented by   **R. H. Wallace, Jr.**
1004 Anson Drive
Keller, TX 76248
817-884-1450
Email: rhwallace1009@yahoo.com

| Date Filed | # | Docket Text |
|---|---|---|
| 09/28/2023 | 1 (p.7) | COMPLAINT against All Defendants filed by Elio Cerkezi, CERKEZI ENTERPRISES L.L.C.. (Filing fee $402; Receipt number ATXNDC-14065731) Summons(es) not requested at this time. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.7) Exhibit(s), # 2 (p.55) Cover Sheet, # 3 (p.57) Proposed Order) (Norred, Warren) (Entered: 09/28/2023) |
| 09/28/2023 | 2 (p.55) | New Case Notes: A filing fee has been paid. File to: Judge Pittman. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (sre) (Entered: 09/28/2023) |
| 09/29/2023 | 3 (p.57) | MOTION for Temporary Restraining Order filed by Elio Cerkezi with Brief/Memorandum in Support. (Attachments: # 1 (p.7) Proposed Order) (Norred, Warren) (Entered: 09/29/2023) |
| 10/03/2023 | 4 (p.62) | ORDER : The Court therefore concludes that Plaintiffs' 3 (p.57) request for an ex parte TRO should be and is hereby DENIED. (Ordered by Judge Mark Pittman on 10/3/2023) (mmw) (Entered: 10/03/2023) |
| 10/03/2023 | 5 (p.65) | ORDER: It is ORDERED that Defendants shall file their response to 1 (p.7) Plaintiff's Motion for a Preliminary Injunction on or before October 24, 2023, and Plaintiffs shall file their reply on or before November 14, 2023. (Ordered by Judge Mark Pittman on 10/3/2023) (bdb) (Entered: 10/03/2023) |
| 10/04/2023 | 6 (p.67) | WAIVER OF SERVICE Returned Executed as to Abelardo Gomez, III. Waiver sent on 9/29/2023; Rick Ripley. Waiver sent on 9/29/2023; Zac Scott. Waiver sent on 9/29/2023. (Norred, Warren) (Entered: 10/04/2023) |
| 10/04/2023 | 7 (p.68) | WAIVER OF SERVICE Returned Executed as to City of Arlington. Waiver sent on 9/28/2023. (Norred, Warren) (Entered: 10/04/2023) |
| 10/04/2023 | 8 (p.69) | CERTIFICATE OF SERVICE by Elio Cerkezi (Norred, Warren) (Entered: 10/04/2023) |
| 10/24/2023 | 9 (p.70) | RESPONSE filed by City of Arlington, Abelardo Gomez, III, Rick Ripley, Zac Scott re: 3 (p.57) MOTION for Temporary Restraining Order (Skinner, Joshua) (Entered: 10/24/2023) |
| 10/24/2023 | | |

| | 10 (p.90) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by City of Arlington, Abelardo Gomez, III, Rick Ripley, Zac Scott. (Clerk QC note: No affiliate entered in ECF.) (Skinner, Joshua) (Entered: 10/24/2023) |
|---|---|---|
| 10/24/2023 | 11 (p.92) | Appendix in Support filed by City of Arlington, Abelardo Gomez, III, Rick Ripley, Zac Scott re 9 (p.70) Response/Objection *to Plaintiffs' Application for a Preliminary Injunction* (Skinner, Joshua) (Entered: 10/24/2023) |
| 10/24/2023 | 12 (p.212) | Notice of Manual Filing of Appendix - Video Recordings by All Defendants re 11 (p.92) Appendix in Support, 9 (p.70) Response/Objection (Skinner, Joshua) (Entered: 10/24/2023) |
| 11/13/2023 | 13 (p.214) | Amended MOTION for Temporary Restraining Order filed by Elio Cerkezi with Brief/Memorandum in Support. (Norred, Warren) (Entered: 11/13/2023) |
| 11/13/2023 | 14 (p.220) | REPLY filed by Elio Cerkezi re: 1 (p.7) Motion for Preliminary Injunction (Norred, Warren) Modified text per PDF on 11/15/2023 (mmw). (Entered: 11/13/2023) |
| 11/14/2023 | 15 (p.230) | ORDER : Plaintiff's 13 (p.214) Motion for a Temporary Restraining Order is DENIED. (Ordered by Judge Mark Pittman on 11/14/2023) (mmw) (Entered: 11/14/2023) |
| 11/15/2023 | 16 (p.232) | ORDER: After reviewing the submissions, the Court concludes that a hearing is not necessary. Thus, the Parties tentative November 16, 2023 hearing on the preliminary injunction is hereby CANCELLED. (Ordered by Judge Mark Pittman on 11/15/2023) (mmw) (Entered: 11/15/2023) |
| 11/15/2023 | 17 (p.233) | ORDER: The Court ORDERS the Parties to file written objections to the Court advancing Plaintiff's 3 (p.57) Motion for Preliminary Injunction to a determination on the merits by 12:00pm on November 20, 2023. (Ordered by Judge Mark Pittman on 11/15/2023) (mmw) (Entered: 11/15/2023) |
| 11/20/2023 | 18 (p.234) | NOTICE of *Withdrawal of App. for Prelim. Inj.* filed by Elio Cerkezi, Cerkezi Enterprises Limited L.L.C. (Norred, Warren) (Entered: 11/20/2023) |
| 11/20/2023 | 19 (p.235) | RESPONSE AND OBJECTION filed by Elio Cerkezi, Cerkezi Enterprises Limited L.L.C. re: 17 (p.233) Order Setting Deadline/Hearing, (Norred, Warren) (Entered: 11/20/2023) |
| 11/20/2023 | 20 (p.239) | DEMAND for Trial by Jury by Elio Cerkezi, Cerkezi Enterprises Limited L.L.C.. (Norred, Warren) (Entered: 11/20/2023) |
| 11/21/2023 | 21 (p.240) | ORDER: As a result of the Scheduling Conference, counsel must prepare and submit a Report Regarding Contents of Scheduling Order by December 1, 2023. (Ordered by Judge Mark Pittman on 11/21/2023) (mmw) (Entered: 11/21/2023) |
| 11/22/2023 | 22 (p.245) | Motion to Dismiss for Failure to State a Claim filed by City of Arlington, Abelardo Gomez, III, Rick Ripley, Zac Scott with Brief/Memorandum in Support. (Withers, Cynthia) (Entered: 11/22/2023) |
| 11/22/2023 | 23 (p.248) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by City of Arlington, Abelardo Gomez, III, Rick Ripley, Zac Scott. (Clerk QC note: No affiliate entered in ECF.) (Withers, Cynthia) (Entered: 11/22/2023) |
| 11/22/2023 | 24 (p.250) | First MOTION for Extension of Time to File Joint Report filed by City of Arlington, Abelardo Gomez, III, Rick Ripley, Zac Scott with Brief/Memorandum in Support. (Withers, Cynthia) (Entered: 11/22/2023) |

| | | |
|---|---|---|
| 11/22/2023 | 25 | ELECTRONIC ORDER granting 24 (p.250) Motion for Extension of Time to File Joint Report. Joint Report is now due December 8, 2023. (Ordered by Judge Mark Pittman on 11/22/2023) (nsb) (Entered: 11/22/2023) |
| 12/08/2023 | 26 (p.254) | Joint STATUS REPORT filed by Elio Cerkezi, Cerkezi Enterprises Limited L.L.C.. (Norred, Warren) (Entered: 12/08/2023) |
| 12/13/2023 | 27 (p.259) | SCHEDULING ORDER: This case is set for trial on this Court's four-week docket beginning October 7, 2024. Joinder of Parties due by 2/12/2024. Amended Pleadings due by 2/12/2024. Deadline for mediation is on or before 4/10/2024. Discovery due by 5/10/2024. Motions due by 6/10/2024. Pretrial Order due by 9/12/2024. The court appoints R. H. Wallace, Jr as mediator. Alternative Dispute Resolution Summary form provided electronically or by US Mail as appropriate. (Ordered by Judge Mark Pittman on 12/13/2023) (mmw) (Entered: 12/13/2023) |
| 12/29/2023 | 28 (p.271) | Unopposed MOTION for Leave to File Response to Defendants Motion to Dismiss filed by Elio Cerkezi, Cerkezi Enterprises Limited L.L.C. (Attachments: # 1 (p.7) Exhibit(s) Exhibit 1 - Response to Defendants' Motion to Dismiss) (Norred, Warren) (Entered: 12/29/2023) |
| 01/02/2024 | 29 (p.277) | ORDER: Before the Court is Plaintiffs' Unopposed 28 (p.271) Motion for Leave to File Late Response. The Court finds that it should be and is hereby GRANTED. Plaintiffs are ORDERED to file their response to Defendant's Motion to Dismiss on or before Friday, January 5, 2024. (Ordered by Judge Mark Pittman on 1/2/2024) (mmw) (Entered: 01/02/2024) |
| 01/02/2024 | 30 (p.278) | RESPONSE filed by Elio Cerkezi, Cerkezi Enterprises Limited L.L.C. re: 22 (p.245) Motion to Dismiss for Failure to State a Claim (Norred, Warren) (Entered: 01/02/2024) |
| 01/16/2024 | 31 (p.282) | REPLY filed by City of Arlington, Abelardo Gomez, III, Rick Ripley, Zac Scott re: 22 (p.245) Motion to Dismiss for Failure to State a Claim (Skinner, Joshua) (Entered: 01/16/2024) |
| 01/24/2024 | 32 (p.285) | MEMORANDUM OPINION & ORDER: The Court concludes that the City's 22 (p.245) Motion to Dismiss should be and is hereby GRANTED. Having considered Plaintiffs' federal claims, the Court concludes that the claims should be DISMISSED with prejudice. (Ordered by Judge Mark Pittman on 1/24/2024) (bdb) (Main Document 32 replaced on 1/25/2024) (bdb). (Entered: 01/24/2024) |
| 01/24/2024 | 33 (p.296) | FINAL JUDGMENT: In accordance with the Court's Order (ECF No. 32 (p.285) ) entered on January 24, 2024, it is ORDERED that this case is DISMISSED with prejudice. (Ordered by Judge Mark Pittman on 1/24/2024) (bdb) (Entered: 01/24/2024) |
| 02/01/2024 | 34 (p.297) | NOTICE OF APPEAL as to 33 (p.296) Judgment to the Fifth Circuit by Elio Cerkezi, Cerkezi Enterprises Limited L.L.C.. Filing fee $605, receipt number ATXNDC-14359497. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final |

| | | |
|---|---|---|
| | | disposition of the case. (Norred, Warren) (Entered: 02/01/2024) |
| 02/05/2024 | 35 (p.298) | USCA Case Number 24-10084 in United States Court of Appeals 5th Circuit for 34 (p.297) Notice of Appeal, filed by Cerkezi Enterprises Limited L.L.C., Elio Cerkezi. (tle) (Entered: 02/05/2024) |

# 2. NOTICE OF APPEAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CERKEZI ENTERPRISES L.L.C.,** | § | |
| **d/b/a Euro Car Tech, and ELIO CERKEZI** | § | |
| *Plaintiffs*, | § | |
| | § | **Cause no. 4:23-cv-00991-P** |
| **v.** | § | |
| | § | |
| **CITY OF ARLINGTON, Rick Ripley,** | § | |
| **Abelardo Gomez III, Zac Scott** | § | |
| *Defendants*. | § | |

## PLAINTIFFS' NOTICE OF APPEAL

COMES NOW Plaintiffs Cerkezi Enterprises L.L.C. and Elio Cerkezi, pursuant to Fed. R.

App. P. 3, file notice of intent to appeal this Court's Final Judgment (ECF No. 33) as described in

the Court's Memorandum Opinion and Order (ECF No. 32) in the instant case for the federal

claims. This appeal is taken by Plaintiffs to the 5th Circuit Court of Appeals in New Orleans,

Louisiana.

Respectfully submitted,

/s/ *Warren V. Norred*
Warren V. Norred, Texas Bar 24045094
warren@norredlaw.com
**Norred Law, PLLC**
515 East Border Street
Arlington, TX 76010
P: (817) 704-3984
F: (817) 524-6686
*Counsel for Plaintiffs*

**Certificate of Service** – I certify that I served this Notice by the Court's ECF service to the
emails of opposing counsel on this February 1, 2024.

/s/Warren V. Norred

24-10084.297

# 3. OC JUDGMENT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ELIO CERKEZI, ET AL.,**

Plaintiffs,

v.                                                    **No. 4:23-cv-00991-P**

**CITY OF ARLINGTON, ET AL.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss. ECF No. 22.
Having considered the Motion, briefs, and applicable law, the Court
concludes that Defendants' Motion should be and is hereby **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff Elio Cerkezi has been operating Euro Car Tech in Arlington,
Texas since 2018. From 2018 to 2022, Euro Car Tech sold used cars and
conducted major and minor auto repair. None of these uses are
ordinarily permitted in a Community Commercial Zoning District—the
zoning district in which the property sits. However, the City Council
may approve a Planned Development that includes uses not ordinarily
permitted in a zoning district. Mr. Cerkezi's property is authorized to be
used for (1) minor auto repair, and (2) any use ordinarily permitted in a
Community Services zoning district. Thus, the Planned Development for
Mr. Cerkezi's property does not permit major auto repair or used car
sales.

Before a tenant uses or occupies a premises, the tenant must have a
Certificate of Occupancy issued by the Building Official. To get a
Certificate of Occupancy, the Building Official must find that the
premises comply with the Building Code and the City of Arlington's
applicable zoning regulations. However, in this case, an erroneous
Certificate of Occupancy was issued in 2015 to the previous tenant of

24-10084.285

Mr. Cerkezi's property. The Certificate of Occupancy stated that major auto repair is authorized on the property, even though the Planned Development does not permit major auto repair. When Mr. Cerkezi began operating on the property in 2018, he was reissued an erroneous Certificate of Occupancy which again stated that major auto repair is authorized on the property.

From 2018 to 2022, Mr. Cerkezi conducted major auto repair (which the Certificate of Occupancy erroneously said was authorized) and sold used cars (which the Certificate of Occupancy did not say was authorized). In 2022, the State of Texas refused to renew Mr. Cerkezi's license to operate a car dealership since neither the 2018 Certificate of Occupancy nor the Planned Development allow used car sales on the property. When Mr. Cerkezi approached the City about rezoning the property to allow used car sales, the City discovered that his 2018 Certificate of Occupancy was issued in error and should not have stated that major auto repair was authorized on the property.

Mr. Cerkezi subsequently requested that the Planned Development be modified so that he can continue operating his business. A public hearing was held, in which the City Council considered whether to authorize used car sales and major auto repair on the property. Mr. Cerkezi was present at the meeting and advocated for amending the Planned Development to allow both uses. The City denied his request and issued a new Certificate of Occupancy the day after the hearing, which reflected that the Planned Development permitted minor auto repair but not major auto repair or used car sales.

In the months following the hearing, Mr. Cerkezi stopped selling used cars on the property but continued major auto repair in violation of the Planned Development and his newly-issued Certificate of Occupancy. The City issued multiple citations for these violations. Mr. Cerkezi sued, alleging that the City's issuance of a corrected Certificate of Occupancy violated his due process rights under the Fifth and

2

Fourteenth Amendment.[1] The City moved to dismiss under Rule 12(b)(6).

## LEGAL STANDARD

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not, however, bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. If there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

Additionally, in considering a 12(b)(6) motion to dismiss, the court "must consider the complaint in its entirety, as well as other sources courts ordinary examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) ("In ruling on Rule 12(b)(6) motions, district courts generally may rely only on the complaint and its proper attachments."). Further, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). In ruling on a 12(b)(6) motion, a court may also consider "items of unquestioned authenticity that are referred to in the

---

[1]Specifically, Mr. Cerkezi sued the City of Arlington, Rick Ripley (the City's Building Official), Abelardo Gomez and Zac Scott (the Code Compliance Officers who issued the citations). *See* ECF No. 1 at 2. All Defendants are referred to throughout as "the City."

24-10084.287

challenged pleading and are 'central' or 'integral' to the pleader's claim for relief." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2004)).

# ANALYSIS

The City adopts by reference the arguments made in its Response to Plaintiffs' Application for Preliminary Injunction. *See* ECF No. 22 at 1 (referring to ECF No. 9). Mr. Cerkezi adopts by reference the arguments made in both his First Amended Application for Temporary Restraining Order and his Reply in Support of Preliminary Injunction. *See* ECF No. 30 at 2 (referring to ECF Nos. 13, 14).

In Mr. Cerkezi's Complaint, he appears to allege the following causes of action: (1) a violation of due process under the Fourteenth Amendment, (2) a violation of the Takings Clause under the Fifth and Fourteenth Amendment, (3) a Texas state-law estoppel or quasi-estoppel theory, and (4) Texas state constitutional claims. *See* ECF No. 1 at 8–13. In the City's Response to Plaintiffs' Application for Preliminary Injunction, the City argued these claims were not likely to succeed on the merits. *See* ECF No. 9 at 13–17. The City now argues these claims should be dismissed. *See* ECF No. 22 at 1. The Court addresses each of Mr. Cerkezi's claims in turn.

## A. Mr. Cerkezi's Due Process Claim Fails

Mr. Cerkezi alleges that the City changed his Certificate of Occupancy unilaterally and without notice or an opportunity to be heard, in violation of his due process rights under the U.S. Constitution. *See* ECF No. 1 at 10. The Court disagrees for two reasons: (1) Mr. Cerkezi did not have a protected property interest in his erroneously-issued Certificate of Occupancy, and (2) even if he did, he was provided due process prior to the issuance of the corrected Certificate of Occupancy.

24-10084.288

1.  <u>Mr. Cerkezi had no protected property interest.</u>

*First*, Mr. Cerkezi's due process claim fails because he did not have a protected property interest in his erroneously-issued Certificate of Occupancy. "To state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Gentilello v. Rege,* 627 F.3d 540, 544 (5th Cir. 2010). Mr. Cerkezi argues that he had a protected property interest in his erroneously-issued Certificate of Occupancy because he had a settled expectation that he could continue to use the property for major auto repair based on the Certificate of Occupancy. *See* ECF No. 14 at 1. In support of this argument, Mr. Cerkezi relies on *TXI Operations, LP v. City of Mckinney, Tex.*, a case involving a Texas constitutional due process claim. No. 4:20-cv-353, 2023 WL 161942 (E.D. Tex. Jan. 11, 2023) (Mazzant, J.).

In *TXI*, the court held that TXI had a "protected property interest in the certificate of occupancy the City issued which allowed TXI to use the property for a particular purpose." *TXI Operations*, 2023 WL 161942, at *73. But unlike the present case, TXI's Certificate of Occupancy was not issued in error. Rather, TXI had been operating in conformity with its Certificate of Occupancy and the applicable zoning ordinance until the City Council rezoned the property, at which point TXI could no longer operate lawfully on the property. *See id.* The court held that this was a retroactive law in violation of the Texas Constitution, explaining: "ordinances that, when applied, work to remove buildings and uses that were already in existence when the ordinance was passed are retroactive." *Id.* at *20. *TXI* thus stands for the proposition that *new* zoning ordinances which deprive tenants of their right to continue a pre-existing use may violate the Texas Constitution.

Here, Mr. Cerkezi was never authorized to conduct major auto repair or sell used cars on the property. *See* ECF No. 1 at 3–4. To the extent his Certificate of Occupancy said otherwise, the certificate was void. Other Texas constitutional cases have reached the same conclusion when courts encountered *erroneously-issued* certificates and permits.

5

For example, in *City of Amarillo v. Stapf*, 101 S.W.2d 229 (Tex. [Comm'n Op.] 1937), the City of Amarillo had a comprehensive zoning ordinance that created multiple manufacturing districts. *See id.* at 230. After the zoning ordinance was adopted, the plaintiff applied for a permit to open a foundry in an area not zoned for that purpose. *See id.* at 231. The building inspector initially issued the permit, but later sought to revoke the permit upon discovering that the property was not zoned for that use. *See id.* The plaintiff sued, alleging that the city should be estopped from revoking the permit. *See id.* The court held that because the zoning ordinance did not allow the issuance of a permit for a foundry in this area, "the action of the building inspector in granting the permit was unauthorized, and the permit was void. Under such permit appellee could acquire no rights, and no estoppel would be created." *Id.* at 232. Other cases have reached this same conclusion. *See, e.g.*, *Swain v. Bd. of Adjustment of City of Univ. Park*, 433 S.W.2d 727, 733 (Tex. App.—Dallas 1968, *writ ref'd n.r.e.*) (holding permit issued in violation of ordinance is void *ab initio* and no rights were acquired by the permit holder); *Davis v. City of Abilene*, 250 S.W.2d 685, 687 (Tex. App.—Eastland 1952, *writ ref'd*) (holding permit issued in violation of ordinance was void and vested no rights in permit holder). With respect to Mr. Cerkezi's due process claim, these cases illustrate that a certificate of occupancy issued in error does not confer a property interest on which a plaintiff may stake a due process claim.

This should come as no surprise to Mr. Cerkezi because his erroneously-issued Certificate of Occupancy clearly specifies that the "issuance of a Certificate of Occupancy shall not be construed as an approval of a violation of the provisions of this code or of other ordinances of the jurisdiction." ECF No. 1-1 at 7. In other words, a Certificate of Occupancy is not a license to violate zoning ordinances. Further, the City's Unified Development Code states that the Building Official may suspend or revoke a Certificate of Occupancy whenever "the certificate is issued in error, or on the basis of incorrect information supplied, or when it is determined that the building or structure or portion thereof is in violation of any ordinance or regulation of any provision of this Code or other provisions of law." UNIFIED DEV. CODE §

24-10084.290

4.14.F, ECF No. 11 at 38. Thus, Mr. Cerkezi had no protected property interest in his erroneously-issued Certificate of Occupancy and could not have relied on the City's issuance of a void Certificate of Occupancy.

2.  <u>Mr. Cerkezi was provided due process.</u>

*Second*, even if Mr. Cerkezi had a protected property interest in his erroneously-issued Certificate of Occupancy, he was not deprived of his interest without due process. In fact, Mr. Cerkezi was provided with and attended a hearing in which the City Council voted not to amend the Planned Development to allow major auto sales and used car sales on the property. *See* ECF No. 1 at 3–6.

Due process requires an "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). In procedural due process claims, "the deprivation by state action of a constitutionally protected interest . . . is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*" *Zinermon v. Burch,* 494 U.S. 113, 125 (1990) (emphasis in original). Thus, even if Mr. Cerkezi had a protected property interest, he must allege facts that plausibly show he was deprived of an opportunity to be heard at a meaningful time and in a meaningful manner.

Here, after Mr. Cerkezi approached the City about changing the Planned Development to permit used car sales, and after the City determined that his Certificate of Occupancy had been issued in error, Mr. Cerkezi requested a hearing on whether the Planned Development should be modified so that he can continue operating his business. *See* ECF No. 1 at 3. The Staff Reports submitted to the Planning and Zoning Commission and the City Council, which are public records of which the Court takes judicial notice, explained that "[t]he purpose of this rezoning application is to add *Used Vehicle Sales* and *Major Auto Repair* to the uses authorized for this site."[2] Staff Rep., City Council Meeting of March 8, 2022; *cf. Johnson v. Bowe*, 856 F. App'x 487, 492 (5th Cir. 2021)

---

[2]All City Council meetings and related documents, including Staff Reports and Minutes, are publicly available at https://www.arlingtontx.gov/cms/One.aspx?portal Id=14481146&pageId=15052707 (last visited Jan. 16, 2024).

24-10084.291

("[S]ince courts may take judicial notice of public records like a city council's meeting minutes, the district court also properly considered the minutes as part of the pleadings."). At the conclusion of the public hearing, the motion to change the zoning classification of the property to "Planned Development (PD) for Community Commercial Uses, plus Major Auto Repair and Used Auto Sales" failed by a 5-2 vote. *See* Minutes, City Council Meeting of March 8, 2022.

Since the City Council did not authorize use of the property for major auto repair, the City issued a new Certificate of Occupancy the day after the hearing, which reflected that the Planned Development permitted minor auto repair, but not major auto repair or used car sales. *See* ECF No. 1-1 at 8. In fact, the new Certificate of Occupancy specifically explained that "Auto Repair Garage, Major and Used Auto Sales are NOT permitted uses. This is based on the City Council Decision rendered on March 08, 2022." *Id.*

Thus, Mr. Cerkezi received a hearing. Mr. Cerkezi used the hearing to argue that he should be allowed to use the property for major auto repair and used car sales. *See* ECF No. 1 at 3. The City Council voted not to authorize these uses. In filing this suit, Mr. Cerkezi wants a second bite at the apple, which this Court is disinclined to grant.[3]

---

[3] In any event, this Court is also disinclined to second-guess a duly elected City Council. Afterall, not every dispute should be adjudicated in federal court. In our Republic, where authority flows from the states to the federal government, the "the ordinary administration of criminal and civil justice" is left to the states, not the federal courts. FEDERALIST NO. 17 (Alexander Hamilton) (writing as "Publius"); *cf. Letter from Thomas Jefferson to James Madison* (Mar. 15, 1789), in THE LIFE AND SELECTED WRITINGS OF THOMAS JEFFERSON 426 (Adrienne Koch & William Peden, eds., 2004 Modern Library Paperback ed.) (1944). Accordingly, "[f]ederal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Pidgeon v. Parker*, 46 F. Supp. 3d 692, 697 (S.D. Tex. 2014) ("These limits, based on respect both for other branches of government and for the state courts, must be respected.").

Because Mr. Cerkezi received notice[4] and a hearing—which he attended and participated in—Mr. Cerkezi was not deprived of due process even if he had a protected property interest in his erroneously-issued Certificate of Occupancy. Accordingly, Mr. Cerkezi's due process claim fails.

### B. Mr. Cerkezi's Federal Regulatory Taking Claim Fails

Mr. Cerkezi next alleges that the City's issuance of a new Certificate of Occupancy, which does not permit major auto repair, constitutes a regulatory taking in violation of the Fifth and Fourteenth Amendment to the U.S. Constitution. *See* ECF No. 1 at 10–11.

The Fifth Amendment requires just compensation where private property is taken for public use. *See* U.S. CONST. AMEND. V (". . . nor shall private property be taken for public use, without just compensation."). It undertakes to redistribute certain economic losses inflicted by government actions so that they will fall upon the public rather than wholly upon those who happen to be directly affected. *See United States v. Willow River Power Co.*, 324 U.S. 499, 502 (1945). "It does not undertake, however, to socialize all losses, but those only which result from a taking of property." *Id.* As the Supreme Court explained in *Penn Central*, the court "has dismissed 'taking' challenges on the ground that, while the challenged government action caused economic harm, it did not interfere with interests that were sufficiently bound up with the reasonable expectations of the claimant to constitute 'property' for Fifth Amendment purposes." *Penn Cent. Transp. Co. v. City of N. Y.*, 438 U.S. 104, 124–25 (1978). Thus, a takings claim fails if the interest "taken" is not a valid property interest.

Having concluded that Mr. Cerkezi never had a right to use the property for major auto repair or used car sales, and having concluded that he did not have a property interest in his erroneously-issued Certificate of Occupancy, Mr. Cerkezi's takings claim also fails.

---

[4]Notice of the public hearing was posted on March 4, 2022, available at https://arlingtontx.granicus.com/player/clip/4079?view_id=9&redirect=true&h=75aaa 377ef726f2139b3e2a57ec23fb9 (last visited Jan. 22, 2024).

24-10084.293

### C. The Court Declines to Estop the City's Actions

Finally, Mr. Cerkezi argues that, under Texas law, the City should be "estopped from enforcing their [Certificate of Occupancy] change in violation of due process." *See* ECF No. 1 at 11. Because Mr. Cerkezi's Fifth and Fourteenth Amendment rights have not been violated, the Court declines to estop the City from enforcing its zoning ordinances insofar as Mr. Cerkezi hinges his estoppel theory on the City's alleged violations of his constitutional rights. *See* ECF No. 1 at 12–13 ("The City should be estopped from amending Plaintiffs' [Certificate of Occupancy] in violation of due process, and should be estopped from requiring Plaintiff to cease his major auto repair business."). Mr. Cerkezi's "estoppel argument lacks a direct bearing upon [his] constitutional claims." *Bush v. City of Gulfport, Miss.*, 454 F. App'x 270, 280 (5th Cir. 2011). Further, to the extent Mr. Cerkezi asserts a separate estoppel theory under Texas law, the Court declines to exercise supplemental jurisdiction over this claim for the reasons stated below.

### D. The Court Declines to Exercise Supplemental Jurisdiction Over Mr. Cerkezi's Remaining State Law Claims

Mr. Cerkezi alleges that this Court has subject matter jurisdiction over this matter "pursuant to 28 U.S.C. §§ 1331 and 1338(a), which provides jurisdiction based on federal questions." ECF No. 1 at 2. Seeing no claims related to "patents, plant variety protection, copyrights and trademarks," the Court presumes Mr. Cerkezi did not mean to invoke jurisdiction pursuant to § 1338(a). *See* 28 U.S.C. § 1338(a). But with respect to this Court's jurisdiction over constitutional claims under § 1331, since the Court dismisses Mr. Cerkezi's federal law claims for the reasons stated above, the Court must now analyze whether to retain jurisdiction of the state law claims by exercising supplemental jurisdiction.

Under § 1367(c)(3), the Court may decline supplemental jurisdiction if "the district court has dismissed all claims over which it had original jurisdiction." *Id.* § 1367(c)(3). "A district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011). The "general rule" is to decline to exercise

jurisdiction when all federal claims are dismissed or otherwise eliminated from a case prior to trial. *Smith v. Amedisys Inc.*, 298 F.3d 434, 446–47 (5th Cir. 2002). The "balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 586–87 (5th Cir. 1992).

This case falls within § 1367(c)(3), as the Court has dismissed all of Plaintiffs' claims that initially gave the Court original jurisdiction. Thus, the general rule would support declining to exercise supplemental jurisdiction because the federal claims have been dismissed and the state claims substantially predominate. The common law factors of judicial economy and fairness also support declining supplemental jurisdiction, and dismissal without prejudice will allow Mr. Cerkezi to proceed in state court if he so chooses. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state-law estoppel and Texas constitutional claims. *See Richards v. City of Weatherford*, 145 F. Supp. 2d 786, 793 (N.D. Tex. Feb. 27, 2001) (Mahon, J.), *aff'd*, 275 F.3d 46 (5th Cir. 2001).

## CONCLUSION

For the reasons stated above, the Court concludes that the City's Motion to Dismiss should be and is hereby **GRANTED**. Having considered Plaintiffs' federal claims, the Court concludes that the claims should be **DISMISSED with prejudice**. With respect to Mr. Cerkezi's remaining state law claims, the Court declines to exercise supplemental jurisdiction and finds that the remaining claims should be **DISMISSED without prejudice**.

**SO ORDERED** on this **24th day of January 2024**.

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

11

24-10084.295

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ELIO CERKEZI, ET AL.,**

 Plaintiffs,

v.                                          **No. 4:23-cv-00991-P**

**CITY OF ARLINGTON, ET AL.,**

 Defendants.

## FINAL JUDGMENT

This Final Judgment is issued pursuant to Federal Rule of Civil Procedure 58. In accordance with the Court's Order (ECF No. 32) entered on January 24, 2024, it is **ORDERED** that this case is **DISMISSED with prejudice.**

The Clerk is **DIRECTED** to transmit a true copy of this Final Judgment to the Parties.

**SO ORDERED** on this **24th day of January 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

24-10084.296

# 4. CERTIFICATE OF SERVICE

**CERTIFICATE OF SERVICE REQUIRED BY**
**FED. R. APP. P 25(D)**


I certify that on March 19, 2024, the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure on all registered counsel of record, and has been transmitted to the Clerk of the Court, including:

Joshua Skinner, TX Bar No. 24041927, joshua.skinner@arlingtontx.gov
Cynthia Withers, TX Bar No. 00791839, cynthia.withers@arlingtontx.gov


/s/ Warren V. Norred
Warren V. Norred